1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF WASHINGTON

10   JAMES ANTHONY ZYLA,              )
                                      )   No. CV-11-00467-CI
11        Plaintiff,                  )
                                      )   ORDER GRANTING DEFENDANT'S
12   v.                               )   MOTION FOR SUMMARY JUDGMENT
                                      )
13   CAROLYN W. COLVIN, Commissioner  )
     of Social Security,[1]           )
14                                    )
               Defendant.             )
15                                    )
                                      )
16   _____)

17        BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF

18   No. 12, 14.   Attorney Rebecca Coufal represents James A. Zyla,

19   (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf

20   represents the Commissioner of Social Security (Defendant).   The

21   parties have consented to proceed before a magistrate judge.  **ECF**

22   **No. 17**.  After reviewing the administrative record and briefs filed

23

24

25        [1]Carolyn W. Colvin became the Acting Commissioner of Social

     Security on February 14, 2013.   Pursuant to FED. R. CIV. P. 25(d)
26
     Carolyn W. Colvin is substituted for Michael J. Astrue as the
27
     Defendant in this suit. No further action need be taken to continue
28
     this suit.   42 U.S.C. § 405(g).

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1    by the parties, the court **GRANTS** Defendant's Motion for Summary

2    Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

3                            **JURISDICTION**

4         On September 14, 2009, Plaintiff protectively filed a Title II

5    application for a period of disability and disability insurance

6    benefits and a Title XVI application for supplemental security

7    income, alleging disability under both claims beginning July 1,

8    2008.  Tr. 13; 208-09.  In his application for benefits, Plaintiff

9    reported that he stopped working due to knee problems.  Tr. 213.

10   Plaintiff's claim was denied initially and on reconsideration, and

11   he requested a hearing before an administrative law judge (ALJ).

12   Tr. 98-118.  A hearing was held on August 4, 2010, which Medical

13   expert Arthur Lorber, M.D., and Plaintiff, who was represented by

14   counsel, testified.  Tr. 47-82.  ALJ Marie Palachuk presided.  Tr.

15   49.   The hearing was held open until Plaintiff could obtain and

16   submit existing medical records.  Tr. 82.  After additional evidence

17   was received, a supplemental hearing was held on October 6, 2010, at

18   which Vocational Expert K. Diane Kramer testified.  Tr. 83-97.  The

19   ALJ denied benefits on October 29, 2010.  Tr. 13-24.  The instant

20   matter is before this court pursuant to 42 U.S.C. § 405(g).

21                         **STATEMENT OF THE CASE**

22        The facts of the case are set forth in detail in the transcript

23   of proceedings and are briefly summarized here.  At the time of the

24   hearing, Plaintiff was 39 years old, he had dropped out of school in

25   the ninth grade, and he later earned a GED.  Tr. 63.  Plaintiff

26   lived with his girlfriend and her two children in a house.  Tr. 81.

27        Plaintiff testified that he experiences problems sleeping at

28   night because he has cramping in his knees.  Tr. 75.  He said that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1  in the middle of the night, his knees "pop" and awaken him, and then

2  he is up for two hours.  He testified that the longest he can sleep

3  at a time is an hour and thirty minutes.  Tr. 75.

4      Plaintiff testified that he has had pain in his knees since

5  childhood.  Tr. 64-65.  He last worked as a telemarketer, and he

6  testified that he was fired from that job because he visited too

7  much,  he was "up and down constantly" and his supervisor said he

8  did not get the work done.  Tr. 73.  Plaintiff also testified that

9  he worked as a security guard, a hotel clerk, and as a journeyman

10 welder.  77-79; 87-89.

**ADMINISTRATIVE DECISION**

12     At step one, ALJ Palachuck found that Plaintiff had not engaged

13 in substantial gainful activity since July 1, 2008.  Tr. 15.  At

14 step two, she found Plaintiff had the following severe impairments:

15 chondromalacia patella status post arthroscopic surgery of the left

16 knee and mild degenerative changes in the right knee.  Tr. 15.  At

17 step three, the ALJ determined Plaintiff's impairments, alone and in

18 combination, and even when including his substance abuse/addiction

19 disorder, did not meet or medically equal one of the listed

20 impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R.

21 §§ 416.920(d), 416.925 and 416.926).    Tr. 21.    The ALJ found

22 Plaintiff has the residual functional capacity ("RFC") to perform

23         [L]ight work as defined in 20 C.F.R. 404.1567(b) and
           416.967(b).  He can lift and carry 20 pounds occasionally
24         and 10 pounds frequently.  He can stand and/or walk 2
           hours in an 8-hour day.  He can sit 6 hours in an 8-hour
25         day.  He can engage in pushing and/or pulling with the
           left lower extremity on an occasional basis.  He can
26         occasionally climb ramps or stairs, but never climb
           ladders, ropes, or scaffolds. He can frequently engage in
27         balancing and occasionally engage in stooping, kneeling,
           crouching or crawling.
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1  Tr. 21.  In step four findings, the ALJ found Plaintiff's statements

2  regarding pain and limitations were not credible to the extent they

3  were inconsistent with the RFC findings.  Tr. 21-22.  The ALJ found

4  that Plaintiff is capable of performing past relevant work as a

5  hotel clerk and telephone solicitor.  Tr. 23.

6                        **STANDARD OF REVIEW**

7      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

8  court set out the standard of review:

9          A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
10         211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
11         by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
12         Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
13         Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
14         support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
15         than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
16         *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

17
           The ALJ is responsible for determining credibility,
18         resolving conflicts in medical testimony, and resolving
           ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
19         Cir. 1995).  The ALJ's determinations of law are reviewed
           *de novo*, although deference is owed to a reasonable
20         construction of the applicable statutes.  *McNatt v. Apfel*,
           201 F.3d 1084, 1087 (9th Cir. 2000).

21

22      It is the role of the trier of fact, not this court, to resolve

23  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

24  supports more than one rational interpretation, the court may not

25  substitute its judgment for that of the Commissioner.  *Tackett*, 180

26  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

27  Nevertheless, a decision supported by substantial evidence will

28  still be set aside if the proper legal standards were not applied in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  weighing the evidence and making the decision.  *Brawner v. Secretary*

2  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

3  substantial evidence exists to support the administrative findings,

4  or if conflicting evidence exists that will support a finding of

5  either   disability   or   non-disability,   the   Commissioner's

6  determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-

7  1230 (9th Cir. 1987).

8                        **SEQUENTIAL PROCESS**

9       The   Commissioner   has   established   a   five-step   sequential

10 evaluation process for determining whether a person is disabled.  20

11 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.

12 137, 140-42 (1987).  In steps one through four, the burden of proof

13 rests   upon   the   claimant   to   establish   a   prima   facie   case   of

14 entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.

15 This burden is met once a claimant establishes that a physical or

16 mental   impairment   prevents   him   from   engaging   in   his   previous

17 occupation.   20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).   If a

18 claimant cannot do his past relevant work, the ALJ proceeds to step

19 five, and the burden shifts to the Commissioner to show that (1) the

20 claimant can make an adjustment to other work; and (2) specific jobs

21 exist in the national economy which claimant can perform.  *Batson v.*

22 *Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).

23 If   a   claimant   cannot   make   an   adjustment   to   other   work   in   the

24 national economy, a finding of "disabled" is made. 20 C.F.R. §§

25 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

26                            **ISSUES**

27      The question presented is whether substantial evidence exists

28 to support the ALJ's decision denying benefits and, if so, whether

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1   that decision is based on proper legal standards.   Plaintiff

2   contends the ALJ erred by (1) failing to find severe mental

3   impairments at step two; (2) failing to develop the record and order

4   a consultative exam; and (3) by giving no weight to the opinion of

5   John Arnold, Ph.D.   ECF No. 13 at 7-10.   Defendant responds the

6   ALJ's decision is supported by substantial evidence, additional

7   evidence was not warranted, and her findings are free of legal

8   error.   ECF No. 15.

9                              **DISCUSSION**

10  **A.   Step Two**

11       Plaintiff argues the ALJ erred at step two when she found

12  Plaintiff's alleged mental impairments were "non-severe," and the

13  ALJ failed to fully develop the record refusing to order additional

14  testing to ascertain the severity of Plaintiff's mental impairments.

15  ECF No. 13 at 7-8.[2]

16       To satisfy step two's requirement of a severe impairment, the

17  claimant must prove the existence of a physical or mental impairment

18  by providing medical evidence consisting of signs, symptoms, and

19  laboratory findings; the claimant's own statement of symptoms alone

20  will not suffice.   20 C.F.R. §§ 404.1508, 416.908; *Taylor v.*

21  *Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).   The ALJ then determines

22  whether the medically determinable impairment significantly limits

23  the physical or mental ability to do basic work activities.   20

24  C.F.R. §§ 404.1520(c); 416.920(c).   The fact that a medically

25

26

27       [2]Plaintiff indicates that he "has filed a new claim which is at
    the hearing level at this time and which alleges primarily mental
28  health problems."   ECF No. 13 at 10.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g.*, *Edlund,* 253 F.3d at 1159-60; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment may be found to be non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28.

In this case, Plaintiff presented scant objective evidence supporting the existence of a mental impairment that could have a material impact on the disability decision. The visits with Dr. Arnold do not establish Plaintiff had a severe mental impairment – the test results were invalid and suggestive of overreporting or other possible problems. Tr. 431. As a result, Plaintiff failed to establish a mental impairment by signs, symptoms, laboratory findings, and instead offered only his own statement of symptoms. The record is insufficient to establish a severe mental impairment.

**B.   Develop the Record**

Plaintiff also contends that the ALJ failed to develop the record, by declining to send Plaintiff for a mental consultative exam. ECF No. 13 at 8-9. An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). To further develop the record, the Commissioner may order consultative examinations at the agency's expense. However, the Commissioner has

1   "broad latitude in ordering a consultative examination." *Diaz v.*

2   *Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir.

3   1990).  Consultative exams are purchased to resolve a conflicts or

4   ambiguities "if one exists."  20 C.F.R. § 404.1519a(a)(2).  The

5   claimant  has  the  initial  burden  to  raise  the  issue; i.e.,

6   sufficient objective evidence exists in the record to suggest the

7   "existence of a condition which could have a material impact on the

8   disability decision."  *Hawkins v. Chater*, 113 F. 3d 1162, 1167 (10th

9   Cir. 1997).

10   In this case, Plaintiff has failed to carry his burden to

11   initially  raise  the  issue  of  a  severe  mental  impairment.    As

12   discussed above, the record is devoid of objective evidence that

13   could have a material impact on the disability decision.   In the

14   absence  of  such  evidence,  the  ALJ  had  no  duty  to  order  a

15   consultative examination.  The ALJ did not err.

16   **C.    John Arnold, Ph.D.**

17   Plaintiff argues that the ALJ improperly weighed the medical

18   evidence by failing to give Dr. Arnold's opinion the proper weight.

19   ECF No. 13 at 12-13.

20   In general, more weight should be given to the opinion of a

21   treating doctor than to a non-treating doctor, and more weight to

22   the opinion of an examining doctor than to a non-examining doctor.

23   *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).   Where not

24   contradicted by another doctor, a treating or examining doctor's

25   opinion may be rejected only for "clear and convincing reasons."

26   *Id*. at 830-31.  An ALJ must set out a detailed and thorough summary

27   of  the  facts  and  conflicting  evidence,  stating  his  or  her

28   interpretation of the facts and evidence, and making findings.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

2        On May 18, 2010, John Arnold, Ph.D., administered the MCMI-III,

3   and Plaintiff's profile was invalid due to overreporting of

4   psychological problems.   Tr. 424; 430.   On June 9, 2010, Dr.

5   Arnold's chart note indicated rule out ADHD.   Tr. 428.   On June 15,

6   2010, Dr. Arnold's notes reflect Plaintiff had minimal, if any,

7   symptoms of ADHD.   Tr. 430.   Dr. Arnold noted several "working

8   diagnoses" as: bipolar II disorder, currently depressed rule out

9   psychotic features, PTSD, late onset, ASPD, rule out ADHD, and rule

10  out somatoform disorder.   Tr. 430.

11       On July 13, 2010, Dr. Arnold observed that Plaintiff's test

12  scores did not provide clarity for a diagnosis because the test

13  results were invalid.   Tr. 431.   Dr. Arnold administered the WRAT-3

14  test, that indicated Plaintiff reads at a seventh grade level,

15  writes at a third grade level and computes math at a sixth grade

16  level.   Tr. 431.   During that visit, Plaintiff informed Dr. Arnold

17  that he was moving to Texas in August and Dr. Arnold "invited [him]

18  back for counseling until then ...."   Tr. 431.   No records of any

19  additional visits are provided.

20       The ALJ noted that Dr. Arnold's diagnoses were inconsistent

21  from visit to visit.   Tr. 20-21.   Additionally, the ALJ noted Dr.

22  Arnold's diagnosis included rule out attention deficit hyperactivity

23  disorder, despite test results indicating no findings of the

24  disorder.   Tr. 21.   The ALJ also noted that Dr. Arnold's findings on

25  examination were entitled to no weight because he relied upon

26  Plaintiff's self-reports.

27       Moreover, in evaluating Dr. Arnold's observations based upon

28  Plaintiff's self-reports, the ALJ evaluated Plaintiff's credibility

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1  and found him less than fully credible.[3]  Tr. 22.  In this case, Dr.

2  Arnold noted at least one inconsistency related to Plaintiff's

3  report of the cause of his father's death.  Tr. 430.[4]  As the ALJ

4  pointed out, in the absence of objective, valid test results, in

5  forming his opinions Dr. Arnold was left to rely largely upon

6  Plaintiff's self-reporting of symptoms.  Tr. 21.  An ALJ may

7  properly give less weight to diagnoses based on unreliable

8  self-reporting.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.

9  2005).

10      The record supports the ALJ's determination that Dr. Arnold's

11  opinions about Plaintiff were entitled to no weight because the

12  records did not reveal an established diagnosis, but instead only

13  "working" or provisional diagnosis.  The evidence does not establish

14  Plaintiff suffered from a severe mental impairment.

**CONCLUSION**

16      Having reviewed the record and the ALJ's findings, the court

18      [3]Plaintiff did not challenge the ALJ's credibility

19  determination.

20      [4]Moreover, the ALJ provided multiple instances of inconsistent

21  statements from Plaintiff, all of which are supported by the record.

22  For example, the ALJ noted that Plaintiff asserted he had never

23  abused drugs or alcohol, and later records indicate he admitted to

24  abuse of both substances.  Tr. 23; 386; 418.  The record also

25  reveals Plaintiff was untruthful to medical providers about a

26  narcotic medication refill, and when his provider denied him another

27  refill, Plaintiff became belligerent and threatening.  Tr. 23; 375;

28  377; 425-26.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1  concludes the ALJ's decision is supported by substantial evidence
2  and is not based on legal error.   Accordingly,
3      **IT IS ORDERED:**
4      1.   Defendant's Motion for Summary Judgment, **ECF No. 14,** is
5  **GRANTED.**
6      2.   Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is
7  **DENIED.**
8      The District Court Executive is directed to file this Order and
9  provide a copy to counsel for Plaintiff and Defendant. Judgment
10 shall be entered for **DEFENDANT** and the file shall be **CLOSED.**
11     DATED May 24, 2013.
12
13                    S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11